Lee E. Hagnerty AX7155
Name and Prisoner Booking Number

FSP-Sacramento
Place of Confinement

P.O. Box 290066
Mailing Address

Represa Ca. 95671
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

**FILED**

**Jul 16, 2021**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Lee E. Hagnerty
(Full Name of Plaintiff)

Plaintiff,

v.

(1) Jeff Lynch
Full Name of Defendant

(2) g. Collinsworth, A. Arthur

(3) a. Black ; M. Liddell

(4) C. Sullivan; A. Uribe

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 2:21-cv-1248 AC (PC)

(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT**
**BY A PRISONER**

☑ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:

☑ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983

☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

☐ Other: _____.

2.   Institution/city where violation occurred: FSP-Sacramento ; Represa

## B. DEFENDANTS

1. Name of first Defendant: _Jeff Lynch_____. The first Defendant is employed as:
   _Warden_____ at _FSP-Sacramento_____
   (Position and Title)                              (Institution)

2. Name of second Defendant: _Collinsworth/ A. Uribe_ The second Defendant is employed as:
   _Correctional sergeants_____ at _FSP-Sacramento_____
   (Position and Title)                              (Institution)

3. Name of third Defendant: _o. Black / M. Liddell____. The third Defendant is employed as:
   _Correctional officers_____ at _FSP-Sacramento_____
   (Position and Title)                              (Institution)

4. Name of fourth Defendant: _A. Arthur /C. Sullivan____. The fourth Defendant is employed as:
   _Correctional officers_____ at _FSP-Sacramento_____
   (Position and Title)                              (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?     ☐ Yes   ☑ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
      _____

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
      _____

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
      _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: _Eighth Amendment United States Constitution_

2. **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.

   - ☐ Basic necessities
   - ☐ Disciplinary proceedings
   - ☐ Excessive force by an officer
   - ☐ Mail
   - ☐ Property
   - ☑ Threat to safety
   - ☐ Access to the court
   - ☐ Exercise of religion
   - ☐ Other: _failure to protect_
   - ☐ Medical care
   - ☐ Retaliation

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   On 11·13·19, while I was housed in FSP·Sacramento Z·E·156. STRH. I was escorted to the STRH group room by Correctional officer A. Uribe moments after arriving in the STRH room for group. I was ordered "to get down" by officer A. Uribe. After I complied with the officer's order to "get down" I noticed several officers were present Sergeants Collinsworth, Uribe, Correctional officers C. Sullivan, M. Liddell, Q. Black, A. Arthur. I was placed in restraints by officer A. Arthur and while attempting to exit the STRH group room I felt extremely sharp pain in my lower back which were later medically reported by Psychiatric technician T. Mathis as two puncture wounds caused by a weapon. Due to the fact that the injuries that I sustained were to my back while I was existing the room I cannot determine whom caused my injuries. But per California code of Regulation title 15 section 3271 Every C.O.R employee is responsible for the safety of all inmates the United States Supreme Court, Ruled Officials, whom are both aware of

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   The inaction of the Defendants caused the Plaintiff to sustain to puncture wounds to the lower back and the suffering of immense pain due to these injuries.

5. **Administrative Remedies:**

   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☑ Yes  ☐ No

   b. Did you submit a request for administrative relief on Claim I?   ☑ Yes  ☐ No

   c. Did you appeal your request for relief on Claim I to the highest level?   ☑ Yes  ☐ No

   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

continued from Claim 1. Supporting facts.

Case 2:21-cv-01248-DJC-AC   Document 1   Filed 07/16/21   Page 4 of 17

facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Determineing that the "subjective recklessness" standard used in criminal law is appropriate to demonstrate deliberate indifference, (Farmer, 511 U.S. at 841-42)

Defendants p. Collinsworth, A. Uribe, A. Arthur, M. Liddell, p. Black, and C. Sullivan, whom were acting under the color of the Law at the time of the incident and knew that a substantial risk of serious harm existed but fail to protect the Plaintiff of the injuries sustained as the Plaintiff was existing the room in restraints.

Defendant, Jeff Lynch, Warden reviewed and signed off on the partly granted prison grievance failed in his duties to ensure that the named defendants were properly trained in their duties to protect all inmates from substantial risk of serious harm.

## CLAIM II

1. State the constitutional or other federal civil right that was violated: _____
_____.

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s). _____
_____
_____
_____

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☐ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim II?  ☐ Yes  ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level?  ☐ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____

**CLAIM III**

1.   State the constitutional or other federal civil right that was violated: _____
_____

2.   **Claim III.** Identify the issue involved. Check only one. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Disciplinary proceedings
   - ☐ Excessive force by an officer
   - ☐ Mail
   - ☐ Property
   - ☐ Threat to safety
   - ☐ Access to the court
   - ☐ Exercise of religion
   - ☐ Other: _____
   - ☐ Medical care
   - ☐ Retaliation

3.   **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

4.   **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☐ Yes  ☐ No
   b.   Did you submit a request for administrative relief on Claim III?   ☐ Yes  ☐ No
   c.   Did you appeal your request for relief on Claim III to the highest level?   ☐ Yes  ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

## E.  REQUEST FOR RELIEF

State the relief you are seeking: _To be financially compensated for the pain and suffering endured. $1,000,000.00_

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _June 24, 2021_
DATE

✗ _Lee Honeycutt_
SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

6

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

~~*EMERGENCY 602*~~

~~EMERGENCY PROCESSING
NOT WARRANTED~~

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| 2004/230 | | 19-74444 | 9 ⑦ |
| | SAC-S-19-0544 | | |
| | | FOR STAFF USE ONLY | |

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available.  See California Code of Regulations (CCR), Title 15, Section 3084.1.  You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal.  If additional space is needed, only one CDCR Form 602-A will be accepted.  Refer to CCR 3084 for further guidance with the appeal process.  No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.**          **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): HAGGERTY, LEE | CDC Number: #AX7155 | Unit/Cell Number: 4A 1L70 | Assignment: S+U |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):
"SECOND SUBMISSION"/FAILURE TO PROTECT - DELIBERATE - INDIFFERENCE

**A.** Explain your issue (If you need more space, use Section A of the CDCR 602-A) "LAST MONTH I SUBMITTED A 602 IN REGARDS TO THIS SAME INCIDENT, WITHOUT RESPONSE TO DATE. SO IF THIS ONE IS NOT PRINTED I WILL JUST PROCEED VIA CIVIL ACTION" ON THE DATE OF A

**B.** Action requested (If you need more space, use Section B of the CDCR 602-A): I AM REQUESTING ALL INVOLVED OFFICERS TO PROPERLY TRAINED & BROUGHT UP TO SPEED IN PROPER PROTOCOL & PROCEDURES SO THAT THIS DOES NOT BECOME A REOCCURRING ISSUE 602-A

Supporting Documents: Refer to CCR 3084.3.
☑ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):
SEE RJR 0000000 6931427

☐ No, I have not attached any supporting documents. Reason: _____

Inmate/Parolee Signature: X *Lee Haggerty*          Date Submitted: 12-22-19

☐ **By placing my initials in this box, I waive my right to receive an interview.**

**C. First Level - Staff Use Only**          Staff – Check One: Is CDCR 602-A Attached? ☐ Yes  ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review.  Go to Section E.
☐ Rejected (See attached letter for instruction)  Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the First Level of Review.
  Assigned to: _____  Title: _____  Date Assigned: _____  Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date/location, and complete the section below.
  Date of Interview: _____  Interview Location: _____

**BYPASS**

Your appeal issue is:  ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other
  See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____  Title: _____  Signature: _____  Date completed: _____
                    (Print Name)
Reviewer: _____  Title: _____  Signature: _____
                    (Print Name)
Date received by AC: _____

| | AC Use Only |
|---|---|
| SENT TO HA: LO ⑦ ✓ | Date mailed/delivered to appellant ___ / ___ / ___ |

RECEIVED
DEC 23 2019
INMATE ONLY

RCVD OOA
04/06/2020
EM

CSP-SAC APPEALS
DEC 26 2019

STATE USE ONLY

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)                                                                                                          Side 2

**D. If you are dissatisfied with the First Level response,** explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.  If you need more space, use Section D of the CDCR 602-A.

BYPASS

Inmate/Parolee Signature: _____                Date Submitted : _____

| E. Second Level - Staff Use Only | Staff – Check One:  Is CDCR 602-A Attached?  ☒Yes  ☐ No |
|---|---|

This appeal has been:
☐ By-passed at Second Level of Review.  Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)
☒ Accepted at the Second Level of Review

Assigned to: _____ Title: _____ Date Assigned: 1/2/2020 Date Due: _____

Second Level Responder:  Complete a Second Level response.  If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: FEBRUARY 4, 2020    Interview Location: TELEPHONE VIA CORCORAN SGT.

Your appeal issue is:  ☐ Granted   ☒ Granted in Part   ☐ Denied   ☐ Other _____

See attached letter.  If dissatisfied with Second Level response, complete Section F below.

Interviewer: T.S. BUCHANAN (Print Name)  Title: LT  Signature: _____ Date completed : 2-5-20

Reviewer: J. LYNCH (Print Name)  Title: W(A)  Signature: _____

Date received by AC: 2-21-20

| AC Use Only |
|---|
| Date mailed/delivered to appellant  2/21/20 |

**F. If you are dissatisfied with the Second Level response,** explain reason below; attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response.  Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001.  If you need more space, use Section F of the CDCR 602-A.

I am dissatisfied with the second Level response due to my action requested was to recieve Monetary Compensation which I did not personally negotiate upon interview.

Inmate/Parolee Signature: _____                Date Submitted: _____

| G. Third Level - Staff Use Only |
|---|

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)   Date: _____
☒ Accepted at the Third Level of Review.  Your appeal issue is  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other
   See attached Third Level response.

| Third Level Use Only |
|---|
| Date mailed/delivered to appellant  FEB 0 3 2021 |

**H. Request to Withdraw Appeal:**  I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

Inmate/Parolee Signature: _____                Date: _____

Print Staff Name: _____  Title: _____  Signature: _____  Date: _____

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

*CALIFORNIA PROCESSING*
*NOT WARRANTED*
*"EMERGENCY 602"*

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | CSP 19-7444 | | 9 (7) |
| | SAC-S-19-05544 | | |
| | FOR STAFF USE ONLY | | |

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Haggerty LEE | #AX 7155 | 4A-1C-20 | J-LU |

**A. Continuation of CDCR 602, Section A only (Explain your issue):** November 13 2019 @ SAC S-UNIT
While Droped out in the STRH-Z-Sec Group @ SAC
Room After Being Pepper Dprayed for Defending
myself. Correctional personall, while I lay defense-
less ! failed to protect me from being assaulted by
another incarceated person whom had a weapon
in his possession & ~~utilized~~ utilized it upon
my person. Resulting in injury/ two puncture
wounds to my Back.              @ sad
          Correctional Officers @ A. Uribe A. Fowler
G. Black G. Collinsworth M. Liddell C. Sullivan
were the only officers that I can recall Being
present at the moment. & This all couldve Been
avoided, Had c/o A. Uribe took the Pepper precau-
tionary measures when she observed me & the
other incarcerated Agremen-l180 incarceated individual
involved in a verbal dispute ON a STRH-Z unit tier.
     For More Refer to R.V.R. Log #00000000693427
"This incident occurred @ SAC-Folsom"

Inmate/Parolee Signature: *Lee Haggerty*     Date Submitted: 12-22-19

**B. Continuation of CDCR 602, Section B only (Action requested):** Among the STRH-Z-Unit populous !! @ SAC
& I am also Requesting monetary compensation which can
Be reasonably negotiated upon interview.    please & thank you.

Inmate/Parolee Signature: *Lee Haggerty*     Date Submitted: 12-22-19

RECEIVED DEC 23 2019
STAFF USE ONLY
CSP-S APPEALS
BABY OG

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (REV. 03/12)

Case 2:21-cv-01248-DJC-AC   Document 1   Filed 07/16/21   Page 11 of 17

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

**D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response):** _____

_____

BYPASS

Inmate/Parolee Signature: _____    Date Submitted: _____

**F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):** _____

Inmate/Parolee Signature: _____    Date Submitted: _____

STATE OF CALIFORNIA
**MEDICAL REPORT OF INJURY
OR UNUSUAL OCCURRENCE**
CDCR 7219 (Rev. 01/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| NAME OF INSTITUTION | LOCATION OF EVALUATION | DATE |
|---|---|---|
| CSP-SAC | STAND ALONE | 11/13/19 |

REASON FOR REPORT ☐ ALLEGATION ☑ ON THE JOB INJURY ☐ USE OF FORCE ☑ INJURY ☐ OTM RETURNS
☐ UNUSUAL OCCURRENCE ☐ PRE AD/SEG ADMISSION ☐ R&R ☐ OTHER

| NAME LAST | FIRST | CDCR NUMBER | PERNR / INST. ID # | VISITOR ID # (SOMS) |
|---|---|---|---|---|
| SULLIVAN | | N/A | | N/A |

| PLACE OF OCCURRENCE | DATE OF OCCURRENCE | TIME OF OCCURRENCE | TIME SEEN | RN NOTIFIED TIME | PHYSICIAN NOTIFIED TIME |
|---|---|---|---|---|---|
| STAND ALONE Group Room | 11/13/19 | 1005 | 1023 | TYLER 1020 N/A | N/A |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

"HAPPENED DURING TAKE DOWN."

| INJURIES FOUND? YES / NO | |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| Swollen Area | 10 |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Pre-Existing | 16 |
| Other | 17 |
| | 18 |

| Chemical Agent Exposure? | YES / NO |
|---|---|
| Chem. Agent Exposure Area | AIR EX |

Decontaminated w/ Water?
YES / NO / REFUSED

Decontaminated w/ Air?
YES / NO / REFUSED

Self decontamination
Instructions given? YES / NO

Staff issued
Exposure packet? YES / NO

Q 15 min. check times

| Initial | 1st Check |
|---|---|
| PA | N/A |
| 2nd Check | Final |
| N/A | N/A |

TIME/DISPOSITION
1010

| REPORT COMPLETED BY TITLE (PRINT AND SIGN) | PERNR / INST. ID # | RDOs | ASSIGNMENT AREA |
|---|---|---|---|
| MATTHIS PA | | | STAND ALONE |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
**MEDICAL REPORT OF INJURY**
**OR UNUSUAL OCCURRENCE**
Page 1 of 2
CDCR 7219 (Rev. 01/18)

| NAME OF INSTITUTION | LOCATION OF EVALUATION | DATE |
|---|---|---|
| CSP·SAC | STAND ALONE | 11/13/19 |

REASON FOR REPORT ☐ ALLEGATION   ☐ ON THE JOB INJURY   ☒ USE OF FORCE   ☐ INJURY   ☐ OTM RETURNS
☐ UNUSUAL OCCURRENCE   ☐ PRE AD/SEG ADMISSION   ☐ R&R   ☐ OTHER

| NAME   LAST | FIRST | CDCR NUMBER | PERNR / INST. ID # | VISITOR ID # (SOMS) |
|---|---|---|---|---|
| HAGGERTY | | AX7155 | N/A | N/A |

| PLACE OF OCCURRENCE | DATE OF OCCURRENCE | TIME OF OCCURRENCE | TIME SEEN | RN NOTIFIED TIME | PHYSICIAN NOTIFIED TIME |
|---|---|---|---|---|---|
| STAND ALONE Ground Room | 11/13/19 | 1005 | 1008 | TYLER | |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

P-140   97%
T-99.2   B/P 150/94·   NO COMMENT.

| INJURIES FOUND? | YES | NO | |
|---|---|---|---|
| Abrasion/Scratch | 1 | | Right |
| Active Bleeding | 2 | | |
| Broken Bone | 3 | | |
| Bruise/Discolored Area | 4 | | |
| Burn | 5 | | |
| Dislocation | 6 | | |
| Dried Blood | 7 | | |
| Fresh Tattoo | 8 | | |
| Cut/Laceration/Slash | 9 | | |
| Swollen Area | 10 | | |
| Pain | 11 | | |
| Protrusion | 12 | | |
| Puncture | 13 | | |
| Reddened Area | 14 | | |
| Skin Flap | 15 | | |
| Pre-Existing | 16 | | |
| Other OC SPRAY | 17 | | |
| | 18 | | |

Chemical Agent Exposure? (YES) NO

Chem. Agent Exposure Area   EX

Decontaminated w/ Water? (YES) / NO / REFUSED   SHOWER

Decontaminated w/ Air? YES NO / REFUSED

Self-decontamination Instructions given ? (YES) NO

Staff issued Exposure packet ? (YES) NO

Q 15 min. check times

| Initial | 1st Check |
|---|---|
| MA | 1020 |
| 2nd Check | Final |
| 1035 | 1050   1050 |

TIME/DISPOSITION   RETURN TO CUSTODY



Right     Left     Front     Back

| REPORT COMPLETED BY/TITLE (PRINT AND SIGN) | | PERNR / INST. ID # | RDOs | ASSIGNMENT AREA |
|---|---|---|---|---|
| MATTHEIS PT / BELLE PT   J. Tyler RN | | | | STAND ALONE |

Template Date 4/4/2012
State of California

Attachment E-1
Department of Corrections and Rehabilitation

# Memorandum

Date    :    February 5, 2020

To    :    Haggerty, AX7155
Facility: A Building: 4 Bed: 202L
California State Prison- Corcoran

Subject:    **STAFF COMPLAINT RESPONSE-APPEAL # SAC-S-19-05544 SECOND LEVEL RESPONSE**

**APPEAL ISSUE:**    You allege on November 13, 2019, Correctional Sergeants G. Collinsworth, A. Uribe, Correctional Officers A. Arthur, G. Black, M. Liddell and C. Sullivan failed to protect you while another incarcerated person battered you. You had been pepper sprayed for defending yourself, and lay defenseless on the floor of the Short Term Restrictive Housing Unit Group Room.   Another incarcerated person who had a weapon attacked you, causing an injury, consisting of two puncture wounds to your back.

All issues unrelated to the allegation of staff misconduct must be appealed separately and will not be addressed in this response.   You do not exhaust administrative remedies on any unrelated issue not covered in this response or concerning any staff member not identified by you in this complaint.   If you are unable to name all involved staff, you may request assistance in establishing their identity.

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed.   Based upon this review your appeal is:

➢   Being processed as an Appeal Inquiry.

You were interviewed on February 4, 2020, by Correctional Lieutenant T. S. Buchanan, wherein you reiterated the information contained in the appeal with nothing new to add.

**Your appeal is PARTIALLY GRANTED in that:**

➢   The **Appeal inquiry** is complete, has been reviewed and all issues were adequately addressed.

The following witness was questioned: Brown, G12404, FB08-118L.

Staff: *did* ☐ *did not* ☒ violate CDCR policy with respect to one or more of the issues appealed.

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.

Appeal Log No: SAC-S-19-05544

- As such, the details of any inquiry will not be shared with staff, members of the public, or offender appellants.
- Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. A variety of personnel actions may be initiated by the Department based upon the content of your complaint and the outcome of any investigation or inquiry conducted as a result of your complaint.
- Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.

If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.

Print: T. S. Buchanan, Lieutenant     Sign: _____     Date: 2-5-20
Interviewer

Print: JEFF LYNCH, Warden (A)     Sign: _____     Date: 2/19/20
Reviewing Authority

STATE OF CALIFORNIA—DEPARTMENT OF CORRECTIONS AND REHABILITATION                              GAVIN NEWSOM, GOVERNOR

**OFFICE OF APPEALS**
P.O. BOX 942883
SACRAMENTO, CA 94283-0001



## OFFICE OF APPEALS (THIRD LEVEL) DECISION

Date:    February 2, 2021

In re:    Haggerty, Lee CDC# AX7155
          SAC

                                                          TLR Case No.: 2004230
                                                          Local Log No.: SAC-19-05544

### I.  ISSUE ON APPEAL:

It is the appellant's position that SAC staff failed to protect him while he was being assaulted by another inmate. More specifically, the appellant claims that on November 13, 2019, Sergeants G. Collinsworth, A Uribe, Correctional Officers, A Arthur, G. Black, M. Liddell and C. Sullivan failed to take proper actions to avoid a battery from taking place. The appellant further argues that he was OC Pepper sprayed for attempting to defend himself. The appellant adds that he laid defenseless on the floor while another inmate attacked him with a weapon. The appellant asserts that the incident caused him serious injuries to include two puncture wounds to his back. The appellant requests that all staff that failed to properly respond to the aforementioned incident be held accountable and retrained .

### II.  RULES AND REFERENCES:

#### A.  CONTROLLING AUTHORITY:

- California Code of Regulations, Title 15, (CCR) 3001
- California Code of Regulations, Title 15, (CCR) 3084.1
- California Code of Regulations, Title 15, (CCR) 3270
- California Code of Regulations, Title 15, (CCR) 3291

#### B.  DOCUMENTS CONSIDERED:

- CDCR 602 Appeal Form Log No.: SAC-19-05544
- CDCR Staff Complaint Second Level Appeal Response dated February 5, 2020.
- Confidential Inquiry attachment "C" completed by Correctional Lieutenant T. S. Buchanan dated February 5, 2020.
- Use of Force/IERC report  dated February 19, 2020 approved by Associate  Warden C. Rojas.

### III. REASONING AND DECISION: DENIED

It is the order of the Office of Appeals that the appeal at the Third Level of Review is **DENIED.** This decision exhausts the administrative remedies available to the appellant within the California the Department of Corrections and Rehabilitation.

The Office of Appeals reviewed the confidential inquiry and related documents and finds the institution's response complies with departmental policy, and the appellant's staff complaint allegations were properly addressed.

**IV. REMEDY:** Your appeal has been denied, therefore there is no applicable remedy.

Page 2 of 2

D. Artis, Appeals Examiner
Office of Appeals
cc: SAC Grievance Coordinator,