UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE E. HAGGERTY,<br><br>                Plaintiff,<br><br>       v.<br><br>JEFF LYNCH, et al.,<br><br>                Defendants. | No.  2:21-cv-1248 KJM AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed a first amended complaint. ECF No. 15.

I. <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" <u>Jackson v. Arizona</u>, 885 F.2d 639,

1

1  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as
2  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a
3  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
4  Franklin, 745 F.2d at 1227-28 (citations omitted).

5  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
6  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
7  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550
8  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
9  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
10 of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,
11 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure
12 to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
13 cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
14 speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain
15 something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
16 cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur
17 R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

18 "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
19 relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
20 Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual
21 content that allows the court to draw the reasonable inference that the defendant is liable for the
22 misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this
23 standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.
24 Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the
25 pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,
26 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

27     II.    <u>First Amended Complaint</u>
28     The first amended complaint alleges that defendants Uribe, Aurther, Black, Liddell,

Sullivan, and Collinsworth violated plaintiff's rights under the Eighth Amendment. ECF No. 15. Plaintiff alleges that on November 13, 2019, he was housed in a maximum-security unit where prisoners are not permitted to be outside their cells unless they are handcuffed. Id. at 3-5, ¶¶ 11-13, 16, 19. That day, Uribe and Aurther handcuffed him with waist chains and escorted him to the group room, where the placed him in leg restraints prior to entering. Id., ¶¶ 12, 14, 17. Upon entering the room, Black and Sullivan removed the cuffs from plaintiff's wrists and then moved aside as another, completely unrestrained inmate rushed up from behind the officers. Id. at 5, ¶¶ 18-19(a). Plaintiff and the other inmate then engaged in mutual combat because the other inmate had repeatedly disrespected plaintiff during the week. Id., ¶ 19(b).

After two or three minutes had passed, Liddell and Collinsworth started yelling to get down, and when plaintiff and the other inmate did not comply, Uribe sprayed them in the face with pepper spray. Id. at 5-6, ¶ 19(d). Plaintiff then started to walk to the far-right side of the room and as he did, saw that Sullivan, Collinsworth, and Black had the other inmate restrained on the floor. Id. at 6, ¶¶ 19(d)-(e). Uribe, Aurther, and Liddell approached plaintiff, and Uribe grabbed him, swung him around, and tripped him, causing plaintiff to fall on the ground. Id., ¶ 19(f). Uribe, Aurther, and Liddell had plaintiff restrained on the floor when he heard someone yell "stop, stop, stop" right before he was stabbed twice in the back. Id., ¶ 19(g). Plaintiff does not know who stabbed him, but states that it could not have been the other inmate because he was restrained and would not have been able to bring a metal weapon into the room. Id., ¶ 19(h).

III. Eighth Amendment

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted).

A. Claims for Which a Response Will Be Required

Plaintiff has alleged sufficient facts to state a claim for failure to protect against Uribe,

Aurther, Black, and Sullivan based on the allegations that defendants effectively orchestred the fight between plaintiff and the other inmate. Alternatively, while the failure to follow prison policies is not, by itself, a constitutional violation, the allegations are sufficient to state a claim based on defendants' deliberate violation of security policies intended to prevent altercations between inmates in maximum-security housing. With respect to plaintiff being stabbed, he has stated a claim for excessive force or failure to protect against Uribe, Aurther, and Liddell. Though plaintiff does not know who stabbed him, there are enough facts to support the inference that it was one of the officers restraining him. This is sufficient to state a claim for excessive force against the officer that stabbed him and for failure to protect against the other two officers restraining him.

### B. Failure to State a Claim

The allegations of the complaint establish that Collinsworth and Liddell responded to the fight. However, there are no facts demonstrating that either defendant was aware that the other officers were going to stage a fight between plaintiff and the other inmate or that they were present and delayed their response. Plaintiff has therefore failed to state a claim against Collinsworth and Liddell for failing to protect him with regard to the fight with the other inmate. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (no liability under § 1983 unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's acts and the constitutional deprivation). Plaintiff also fails to state a claim against Collinsworth, Black, and Sullivan for failing to protect him from being stabbed, as there are no facts showing that these defendants were aware of the plan to stab plaintiff or that they were able to intervene while restraining the other inmate.

### IV. Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state any cognizable claims against defendant Collinsworth. The complaint also fails to state cognizable claims against defendant Liddell for failing to protect plaintiff from another inmate and against defendants Black and Sullivan for failing to protect plaintiff from being stabbed. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the

opportunity to amend the complaint if he desires.

Plaintiff has a choice to make: he may proceed forthwith to serve defendants Uribe, Aurther, Black, Liddell, and Sullivan on his cognizable claims and abandon the insufficient claims, or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his cognizable claims against defendants Uribe, Aurther, Black, Liddell, and Sullivan without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of all claims against Collinsworth, the claim against Liddell based on failing to protect plaintiff from another inmate, and the claims against Black and Sullivan for failing to protect plaintiff from being stabbed.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint,

5

the original complaint and any prior amended complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V. Plain Language Summary of this Order for a Pro Se Litigant

Some of the allegations in the complaint state claims against the defendants and some do not. You have stated claims against Uribe, Aurther, Black, and Sullivan for failing to protect you from another inmate. You have also stated claims against Uribe, Aurther, and Liddell for stabbing you or failing to protect you from being stabbed.

You have not stated any claims for relief against Collinsworth. You also have not alleged facts showing that Liddell failed to protect you from another inmate or that Black and Sullivan for failed to protect you from being stabbed.

You have a choice to make. You may either (1) proceed immediately on your claims that Uribe, Aurther, Black, and Sullivan failed to protect you from another inmate and that Uribe, Aurther, and Liddell stabbed you or failed to protect you from being stabbed and voluntarily dismiss the other claims or (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice all claims against Collinsworth and your claims that Liddell failed to protect you from another inmate and that Black and Sullivan for failed to protect you from being stabbed. If you choose to file a second amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original or previous amended complaints. **Any claims and information not in the second amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff has not stated any claims for relief against defendant Collinsworth. The claims against Liddell for failing to protect plaintiff from another inmate and against Black and

1  Sullivan for failing to protect plaintiff from being stabbed do not state claims for which relief can
2  be granted.
3      2.  Plaintiff has the option to proceed immediately on his claims that Uribe, Aurther,
4  Black, and Sullivan failed to protect him from another inmate and that Uribe, Aurther, and
5  Liddell stabbed him or failed to protect him from being stabbed as set forth in Section III.A
6  above, or to amend the complaint.
7      3.  Within fourteen days of service of this order, plaintiff shall complete and return the
8  attached form notifying the court whether he wants to proceed on the screened complaint or
9  whether he wants to file a second amended complaint.  If plaintiff does not return the form, the
10 court will assume that he is choosing to proceed on the complaint as screened and will
11 recommend dismissal without prejudice of all claims against defendant Collinsworth, the claims
12 against Liddell for failing to protect plaintiff from another inmate, and the claims against Black
13 and Sullivan for failing to protect plaintiff from being stabbed.
14 DATED: September 26, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE E. HAGGERTY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEFF LYNCH, et al.,<br><br>　　　　Defendants. | No.  2:21-cv-1248 KJM AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his claims that Uribe, Aurther, Black, and Sullivan failed to protect him from another inmate and that Uribe, Aurther, and Liddell stabbed him or failed to protect him from being stabbed without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice all claims against defendant Collinsworth, the claims against Liddell for failing to protect plaintiff from another inmate, and the claims against Black and Sullivan for failing to protect plaintiff from being stabbed pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Lee Haggerty
　　　　　　　　　　　　　　　　　　Plaintiff pro se