UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE E. HAGGERTY, | No. 2:21-cv-1248 DJC AC P |
| Plaintiff, | |
| v. | ORDER |
| JEFF LYNCH, et al., | |
| Defendants. | |

    Plaintiff has requested the appointment of counsel. ECF No. 32. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

    "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish

1  exceptional circumstances that would warrant a request for voluntary assistance of counsel.

2        Plaintiff requests appointment of counsel on the grounds that his complaint was drafted by
3  another inmate and he is ignorant of the law and illiterate.  ECF No. 32 at 3.  However, these
4  circumstances are common to many prisoners and do not establish the existence of extraordinary
5  circumstances.  Furthermore, this case is currently stayed pending the settlement conference
6  scheduled for June 28, 2023, and there is no indication that plaintiff is unable to represent himself
7  at the settlement conference.  For these reasons, the motion for appointment of counsel will be
8  denied.

9        Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of
10 counsel (ECF No. 32) is DENIED.

11 DATED: June 6, 2023

12                                                           ALLISON CLAIRE
13                                                           UNITED STATES MAGISTRATE JUDGE