UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE E. HAGGERTY, | No. 2:21-cv-01248-DJC-AC |
| Plaintiff, | |
| v. | PRETRIAL ORDER |
| JEFF LYNCH, et al., | |
| Defendants. | |

On April 10, 2025, the Court conducted a final pretrial conference. Plaintiff Lee E. Haggerty appeared pro se and Sean W. Lodholz and Garrett Seuell appeared on behalf of Defendants A. Aurther, G. Black, M. Liddell, C. Sullivan, and A. Uribe. Based on the results of that pretrial conference, the Court now issues this final pretrial order. The Court has tried to include plain language information for the Plaintiff's benefit as requested at the pretrial conference.

This action proceeds on Plaintiff's First Amended Complaint against Defendants for violations of his right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments. This matter is set for trial on June 16, 2025.

**I.   Jurisdiction/Venue**

Jurisdiction is predicated on 28 U.S.C. §§ 1331 and 1343(a). Venue is proper

1

pursuant to 28 U.S.C. § 1391(b).  Venue and Jurisdiction are not contested.

## II. Plaintiff's Final Pretrial Statement

As of the date of the final pretrial conference, Plaintiff had not yet submitted a final pretrial statement.  Plaintiff is ORDERED to file his final pretrial statement on or by May 1, 2025.  Defendants may file supplemental briefing addressing any new issues raised in Plaintiff's final pretrial statement on or by May 8, 2025. (*See* ECF No. 60.)

## III. Jury

Both parties have timely requested a trial by Jury.

## IV. Disputed Evidentiary Issues/Motions in Limine

The parties have not yet filed motions in limine.  A motion in limine is a pretrial request that certain inadmissible evidence not be referred to or offered at trial.  The Court does not encourage the filing of motions in limine unless they are addressed to issues that can realistically be resolved by the Court prior to trial and without reference to the other evidence which will be introduced by the parties at trial.  Any motions in limine counsel elect to file shall be filed on or before May 27, 2025.  Each party's motions in limine should be filed in a single document with each motion beginning on a new page within that document.  Opposition shall be filed on or before June 6, 2025.  Each party's oppositions to motions in limine should be filed in a single document with each opposition beginning on a new page within that document.  Where necessary for sealing purposes, a motion in limine or opposition to a motion in limine may be filed separately from the rest of the motions/oppositions.  Parties should be prepared to present argument on these motions at the final status conference.

## V. Bifurcation of Trial

In their final pretrial statement, Defendants requested that the Court bifurcate the trial on the issue of punitive damages.  The Court GRANTS Defendants' request.  Thus, the trial will be bifurcated, meaning that it will be separated into two parts.  First, the parties will present evidence as to liability and the monetary award, if any, to

2

compensate for those damages.  If the jury finds the Defendants liable, they will also be asked if punitive damages are warranted.  If the jury concludes that punitive damages are appropriate, the parties will then present evidence regarding the appropriate amount of punitive damages, which will then be decided by the jury.

### VI.    Witnesses

Witness lists are ordered to be submitted on or before May 27, 2025.  Plaintiff may identify his witnesses in his pretrial statement.  Plaintiff's and Defendants' witnesses shall be those described in their witness lists.  Each party may call a witness designated by the others, though each party is responsible for securing the attendance of any witnesses they wish to call at trial, including through a subpoena.

**The Court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:**

1. The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or
2. The witness was discovered after the pretrial conference and the proffering party makes the showing required below.

Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the Court and opposing parties of the existence of the unlisted witnesses by filing a notice on the docket so the Court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

1. The witness could not reasonably have been discovered prior to the discovery cutoff;
2. The Court and opposing parties were promptly notified upon discovery of the witness;
3. If time permitted, the party proffered the witness for deposition; and

4. If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

## VII. Exhibits

Plaintiff's and Defendants' exhibits shall be those identified in their respective exhibit lists. Plaintiff may identify his exhibits in his pretrial statement. Counsel and/or parties shall submit a copy of their exhibit lists to the Court no later than May 27, 2025.

No exhibit shall be marked with or entered into evidence under multiple exhibit numbers. All exhibits must be pre-marked as discussed below.

At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2. Plaintiff's exhibits shall be listed numerically, and Defendants' exhibits shall be listed alphabetically. The parties are directed to bring an original and one copy of each exhibit to trial. The original exhibit becomes the property of the Court for purposes of trial. The copy is for bench use during trial.

The Court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

1. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or
2. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required later in this section.

Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the Court and opposing parties of the existence of such exhibits by filing a notice on the docket so that the Court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

1. The exhibits could not reasonably have been discovered earlier;
2. The Court and the opposing parties were promptly informed of their existence;
3. The proffering party forwarded a copy of the exhibits (if physically possible)

to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

## VIII. Further Discovery

Discovery has been completed and is now closed.

## IX. Stipulations

None as of the final pretrial conference.  However, Defendants have indicated a willingness to stipulate to the authenticity of Plaintiff's unaltered records from his central file maintained by CDCR, and any CDCR record generated and maintained in the regular course of business, including medical records, which may be used as exhibits at trial.

## X. Trial Briefs

Trial Briefs from both parties are due on May 27, 2025.  A trial brief is a party's written submission to the trial court filed before trial that discusses the legal issues before the Court and argues one side's position.

## XI. Proposed Jury *Voir Dire*

*Voir dire* is the examination of a potential juror to decide whether that person is qualified to serve on a jury.  By May 27, 2025, parties shall submit proposed questions to be asked by the Court during jury selection.  Parties are advised to limit the number of proposed *voir dire* and to only propose yes or no questions they feel are essential. *Voir dire* will be conducted by the Court.

## XII. Joint Statement of the Case

On or before May 27, 2025, parties shall submit a joint Statement of the Case. The statement should be around two to three sentences and should say what the case is about in a neutral way.  The Statement will be read to the jury at the start of the trial.

////

////

////

### XIII. Proposed Jury Instructions and Verdict Form

On or before May 27, 2025, parties shall submit individual Proposed Jury Instructions and Verdict Form to the Court.  The Verdict Form is the document announcing the judgment or verdict of the jury.  Any objections to the Proposed Jury Instructions and Verdict Forms shall be submitted by June 6, 2025.  All blanks in form instructions should be completed and all brackets removed.

### XIV. Final Status Conference

The Court will conduct a Final Status Conference on June 12, 2025, at 1:30 p.m. in Courtroom 7.  At that time, the Court will hear argument on motions in limine and any outstanding matters, including motions related to shackling, to be resolved before trial.  Defendants are to file any shackling request no later than May 27, 2025.

### XV. Trial Date/Estimated Time of Trial

Jury Trial is set for June 16, 2025, at 8:30 a.m. in Courtroom 7 before the Honorable Daniel J. Calabretta.  Trial is anticipated to last three court days.  The parties are directed to Judge Calabretta's standard procedures available on his webpage on the court's website.

### XVI. Use of Court Audio Visual Equipment

If counsel intends to make use of any of the Court's audio visual equipment at trial and they have not received training on the usage of that equipment within the last year, that party is required to schedule a training on the usage of that equipment before trial.   Contact Richard Arendt (rarendt@caed.uscourts.gov) in the IT Department to make arrangements for training.

### XVII. Objections to Pretrial Order

Each party is granted 14 days from the date of this Order to file objections to the same.  Each party is also granted 7 days thereafter to respond to the other party's objections.  If no objections are filed, the order will become final without further order of this Court.

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of

Civil Procedure and Local Rule 283 of this Court, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

**XVIII. Conclusion**

IT IS HEREBY ORDERED that:

1. Plaintiff shall file his final pretrial statement on or by **May 1, 2025**.
2. Defendants shall file supplemental briefing in response to Plaintiff's statement on or by **May 8, 2025**.
3. A joint statement of the case, trial briefs, witness and exhibit lists, proposed *voir dire*, proposed jury instructions and a proposed verdict form shall be filed on or by **May 27, 2025**.
4. Defendants' request for shackling is to be filed on or by **May 27, 2025.**
5. Motions in limine shall be filed on or by **May 27, 2025**.
6. Any objections to the proposed verdict form or motions in limine shall be filed on or by **June 6, 2025**.
7. A Final Status Conference is SET for **June 12, 2025**, at **1:30 p.m.** in Courtroom 7 before the Honorable Daniel J. Calabretta.
8. A jury trial is SET for **June 16, 2025**, at **8:30 a.m.** in Courtroom 7 before the Honorable Daniel J. Calabretta
9. When serving this Order on Plaintiff, the Clerk of Court is directed to include a copy of ECF 39 and Judge Calabretta's "Trial Procedures" Form located on the Eastern District of California's website.

Dated:  April 15, 2025

/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE

7