UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE E. HAGGERTY, | No. 2:21-cv-01248-DJC-AC |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| JEFF LYNCH | |
| Defendants. | |

On April 28, 2025, Plaintiff Lee Haggerty filed a Motion for an Extension of Time and a Motion to Appoint Counsel. (Mot. (ECF No. 67).) Specifically, Plaintiff cited to his limited reading and writing abilities and explained that he lost access to his legal materials after the individual who possessed them was placed in administrative segregation. (*Id.* at 1.) [1]

Regarding Plaintiff's request for counsel, while the Court sympathizes with the challenges Plaintiff has identified, a person generally has no right to counsel in civil actions. *See Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v.*

---
[1] The Court appreciates efforts by Mr. Lodholz to secure law library access for the Plaintiff. (*See* ECF No. 68 at 2).

1

*Spellman,* 654 F.2d 1349, 1353 (9th Cir. 1981)).  However, under "exceptional circumstances" the court may request counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).  *Id.; see* 28 U.S.C. § 1915(e)(1).  In making this determination, courts must consider whether (1) there is a likelihood of success on the merits; and (2) the prisoner is unable to articulate his claim in light of the complexity of the legal issues involved.  *Cano v. Taylor,* 739 F.3d 1214, 1218 (9th Cir. 2014).  Neither factor is dispositive; rather they must be considered cumulatively.  *Id.*  Circumstances most common to prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  The fact that the *pro se* litigant would be better served with the assistance of counsel does not necessarily qualify the issues involved as complex.  *See Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (acknowledging that any pro se litigant would be better served with the assistance of counsel).  Considering these facts in light of the case now pending before the Court, the Court does not find this to present exceptional circumstances and will deny the request for counsel.

Turning to the request for an extension of time, the Court GRANTS Plaintiff additional time to submit his Final Pretrial Statement, and will set the deadline for **May 27, 2025**, the date on which the Court had previously ordered Plaintiff to file his witness and exhibit lists.  Defendants may file a written response 7 days after receiving Plaintiff's statement, if they are unable to address those matters at the Final Status Conference. Plaintiff is cautioned, however, that if Plaintiff fails to comply with the Court's prior order to submit witness and exhibit lists by **May 27, 2025**, the Court may consider imposing evidentiary sanctions in light of the prejudice the failure to timely identify witnesses and exhibits could cause Defendants.  Evidentiary sanctions could include an order preventing Plaintiff from calling a witness or introducing an exhibit not identified by Defendants in their Final Pretrial Statement.

*////*

Therefore, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion to Appoint Counsel is DENIED.
2. Plaintiff's Motion for an extension of time is GRANTED. Plaintiff is ordered to file his Final Pretrial Statement on or by **May 27, 2025.**

Dated: May 5, 2025

/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE

DJC6 – HAGGERTY21cv01248.counsel