UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE E. HAGGERTY, | No. 2:21-cv-01248-DJC-AC |
| Plaintiff, | |
| v. | ORDER |
| JEFF LYNCH, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Lee E. Haggerty's Motion to Appoint Counsel and for ADA Assistance (ECF No. 71). This Court previously denied Plaintiff's request for counsel after finding that exceptional circumstances did not exist. (*See* ECF No. 70.)

In response to Plaintiff's requests, the Court took steps to try to secure counsel for Plaintiff's case. However, due the limited availability of counsel, these attempts were unsuccessful. Although these efforts were made, the Court still finds that under the relevant factors: whether (1) there is a likelihood of success on the merits; and (2) the prisoner is unable to articulate his claim in light of the complexity of the legal issues involved, *Cano v. Taylor,* 739 F.3d 1214, 1218 (9th Cir. 2014), "exceptional circumstances" do not exist here to appoint counsel. The Plaintiff has not included

any additional information in his motion to alter the Court's previously analysis as to the factors. (*See* ECF No. 70 at 2.)

Plaintiff cites to 18 U.S.C. § 3006(a) as a basis for appointing counsel. 18 U.S.C. § 3006(a) refers to Federal Rules of Criminal Procedure 5 and 44. 18 U.S.C. § 3006(a). These rules apply to appointment of counsel as it pertains to criminal defendants, not civil plaintiffs. Because Plaintiff is not a criminal defendant in the instant case, 18 U.S.C. § 3006(a) is not a basis for appointing counsel.

Plaintiff also cites to the Americans with Disabilities Act and argues that he is entitled to assistance from an ADA Worker who displays reading and writing abilities. To the extent that Plaintiff is arguing he has a disability that requires an appointment of counsel, Plaintiff has not explained how his disability has impacted his ability to proceed with his claims such that a finding of "extraordinary circumstances" can be made. *See e.g., Torres v. Jorrin,* No. 3:20-cv-00891-AJB-BLM, 2020 WL 5909529, at *3 (S.D. Cal. Oct. 6, 2020) (collecting cases). In a prior motion to appoint counsel, Plaintiff expressed that he had little to no reading or writing skills. (ECF No. 67). However, there is no evidence that Plaintiff has been unable to articulate his claims in proceeding through this case. *See Montano v. Solomon,* No. 2:07-cv-0800-KJN, 2010 WL 4137476, at *7 (E.D. Cal. Oct. 19, 2010) (denying indigent plaintiff's motion for appointment of counsel as failing to present an exceptional circumstance under 28 U.S.C. § 1915(e)(1) where "plaintiff has adequately presented, albeit through another inmate, the salient factual allegations of this case. . .as well as the matters now before the court."). Further, the Court has granted Plaintiff's requests for extensions on several occasions given his circumstances.

Plaintiff also argues that prison officials are making it difficult for him to seek their assistance or the assistance of an assigned ADA worker. The Supreme Court has held that an inmate is guaranteed the right to access the courts, which requires prison authorities to make available inmates "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey,*

518 U.S. 343, 351 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). While the Court takes no position on the merits of any such claims, Plaintiff may bring a separate suit based on the actions taken by prison officials that prevented him from pursuing his claims.

For the reasons discussed above, IT IS HEREBY ORDERED THAT Plaintiff's Motion to Appoint Counsel (ECF No. 71) is DENIED. No further requests for appointment of counsel will be entertained.

IT IS SO ORDERED.

Dated:   **May 29, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – HAGGERTY21cv01248.counsel